UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA J. LARKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 12-cv-08214 |
| CHICAGO TRANSIT AUTHORITY, by | ) |
| and through its authorized agents and | ) Judge John W. Darrah |
| employees, AMY BASEL, | ) |
| ELVIRA BELTRAN, | ) |
| ROVAUGHN GRAHAM, | ) |
| KAREN LONDON, and CELIA MEZA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Chicago Transit Authority (the "CTA") and Amy Basel, Elvira Beltran, Rovaughn Graham, Karen London, and Celia Meza[1] ("the Individual Defendants") move to dismiss the Amended Complaint filed by Plaintiff Debra J. Larkins pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for failure to exhaust her administrative remedies and for failure to state a claim of discrimination. For the reasons presented below, Defendants' Motion to Dismiss [42] is granted in part and denied in part.

### BACKGROUND

Larkins, an African-American female, is a former bus driver for the CTA. Larkins was first terminated by the CTA in February 2009. (Am. Compl. ¶¶ 2, 13.) She filed a grievance against the CTA through her union and, on December 29, 2011, she was reinstated with back pay

---

[1] Plaintiff names Amy Basel, Elvira Beltran, Rovaughn Graham, Karen London, and Celia Meza in her Second Amended Complaint. However, in the body of the Amended Complaint, she also names Linda Davis and Bernard Jackson as Defendants. Also in prior pleadings, Plaintiff has also named Velia Martinez, but she is not mentioned anywhere in Plaintiff's Second Amended Complaint.

pursuant to an arbitrator's order. (*Id*. ¶ 14.) In January 2012, Larkins returned to work; however, she was compensated at a rate of $22.00 per hour instead of the $29.65 she was supposed to receive. (*Id.* ¶ 23.) Although Larkins was entitled to back pay in the amount of $156,165.80, she received only one payment for $60,705.13 in June 2012. (*Id*. ¶¶ 20-22.) Two other male CTA employees, known as "Bob" and "Fry", were terminated after Larkins and hired back before she was reinstated in January 2012. (*Id*. ¶ 17.) In July 2012, Larkins received progressive discipline under the CTA's policies for holiday leave, dress code, and on-time arrival, although these policies are not consistently enforced. (*Id*. ¶¶ 26 - 28.) As a result of the progressive discipline, in November 2012, Larkins was terminated again from the CTA. (*Id*. ¶ 28.)

On February 6, 2012, Larkins filed a charge with the Illinois Department of Human Rights (the "IDHR") and the Equal Employment Opportunity Commission (the "EEOC) against the CTA, alleging sex and race discrimination based on the CTA's failure to pay her retroactive wages on or about December 29, 2011. (Memo in Supp. of Defendant's Mot. To Dismiss, Exh. A.) On November 5, 2012, she received a Right to Sue Letter. On October 12, 2012, Larkins, proceeding *pro se*, filed this action. She was subsequently granted leave to proceed *in forma pauperis* and also was appointed counsel. Larkins's First Amended Complaint asserts claims for sex discrimination pursuant to Title VII, 42 U.S.C. § 2000e, *et. seq.* ("Title VII") and for breach of contract.[1] Defendants have moved to dismiss the First Amended Complaint, for lack of

---

[1] Although Larkins has titled this complaint as First Amended Complaint, it is technically her Second Amended Complaint, because Larkins previously filed an Amended Complaint, which was subsequently stricken, apparently without her appointed counsel's knowledge.

standing and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(6), respectively.

## LEGAL STANDARD

For purposes of a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *See, e.g., Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A Rule 12(b)(1) motion challenges federal jurisdiction, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction, including standing, have been met. *Scanlan*, 669 F.3d at 841-42. In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must set forth a "'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo*, 526 F.3d at 1081 (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although detailed factual allegations are not required, the complaint must allege sufficient facts "to state a claim to relief that is plausible on its face" and which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### *Larkins's Title VII Claim Against the Individual Defendants*

Liability under Title VII is restricted to employers. *See* 42 § U.S.C. § 2000e–2(a); *Silk v. City of Chicago*, 194 F.3d 788, 797 (7th Cir. 1999) ("Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (dismissing a Title VII action against a supervisor because the supervisor is not an employer). Larkins concedes that her Title VII claim does not apply to the Individual Defendants, but requests an extension of the law to hold them liable. Congress clearly intended to restrict liability under Title VII to employers; the Court, therefore, declines to make such an extension. Consequently, Larkins's Title VII claim is dismissed with respect to the Individual Defendants.

### *Larkins's Failure to Exhaust her Administrative Remedies*

Before filing suit under Title VII in the federal courts, a plaintiff must first exhaust his administrative remedies by filing a charge with the EEOC within 300 days of the complained-of conduct. 42 U.S.C. § 2000e–5(e)(1); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). Once the plaintiff receives a notification from the EEOC that it does not intend to sue (commonly referred to as a "right-to-sue letter"), the plaintiff may then file a lawsuit within ninety days. 42 U.S.C. § 2000e–5(f)(1). This requirement serves a dual purpose because it "gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Alam*, 709 F.3d at 666 (internal quotations and citations omitted).

As a general rule, a plaintiff's Title VII lawsuit must be based on the same claims that were included in her EEOC charge. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). Although

4

a Title VII plaintiff "need not allege in an EEOC charge each and every fact" that forms the basis of her lawsuit, the complaint must be "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Id.* at 691-692 (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) and *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)). To be considered reasonably related, "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501 (emphasis in original). The Seventh Circuit has stated that the EEOC charge should be given this "charitable" construction because they are normally completed by laypersons rather than attorneys. *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992).

In *Teal*, 559 F.3d at 692, the Seventh Circuit held the plaintiff had failed to exhaust her administrative remedies where her complaint was based on a termination that occurred a year after a different termination identified in her EEOC complaint. The Seventh Circuit vacated the summary judgment awarded in favor of the defendant and vacated and remanded with the instructions that plaintiff's complaint be dismissed without prejudice so that she could exhaust her administrative remedies. *Id.*; *see also Greene v. Meese,* 875 F.2d 639, 643 (7th Cir. 1989) (proper resolution for failing to exhaust administrative remedies is dismissal without prejudice).

In her First Amended Complaint, Larkins alleges that she has exhausted "all available remedies under Title VII."[2] However, in her EEOC charge against the CTA for race and sex

---

[2] When considering a Rule 12(b)(6) motion, the court generally confines its inquiry to the four corners of the operative complaint; however, the court may also consider documents submitted by a defendant that "are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). Consequently, Larkins's EEOC charge can be considered.

discrimination, Larkins made repeated references to her reinstatement date of December 29, 2011 and identified her claims as follows:

> On or about December 29, 2011, I experienced unequal terms and conditions of employment from the [CTA] when they failed to honor an arbitrator's award of paying me retroactive wages.

There is no mention of her February 2009 termination. Furthermore, there is no mention of her November 2012 termination, which occurred *after* Larkins filed her EEOC charge as well as occurred after Larkins filed this lawsuit.[3] Even giving Larkins leeway because she filed her EEOC without a lawyer, the misconduct alleged in the EEOC charge – the CTA's December 29, 2011 alleged failure to honor an arbitrator's award – is not like or reasonably related to her two terminations. Larkins's EEOC charge would not give notice to Defendants about Larkins's claims related to her terminations, and it would also not give the EEOC an opportunity to investigate those claims. *See Teal*, 559 F.3d at 691. Consequently, Larkins has failed to exhaust her administrative remedies with respect to her claims about her February 2009 and November 2012 terminations, and those claims must be dismissed without prejudice from her Title VII complaint.

Larkins's claim, however, that she received a lower hourly wage than what she was entitled to upon reinstatement is reasonably related to her EEOC charge. The EEOC charge is based on the CTA's failure to comply with the December 29, 2011 arbitrator award and to pay Larkins proper retroactive wages. Larkins's First Amended Complaint includes a claim about the retroactive wages and also alleges that the CTA failed to pay her at a higher wage upon her

---

[3] Larkins is not claiming retaliatory discharge.

reinstatement. These two claims are sufficiently alike so that Larkins has exhausted her administrative remedies on this claim.

*Failure to State a Claim*

Next, Defendants argue that Larkins has failed to state a claim with respect to Title VII. Since Larkins has exhausted her administrative remedies only with respect to her back pay and hourly wage claims against the CTA, only those claims remain and will be analyzed.

Under Seventh Circuit precedent, "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo*, 526 F.3d at 1081. While "a complaint must contain something more than a general recitation of the elements of the claim," there is a "minimal pleading standard for simple claims of race and sex discrimination." *Id.* (internal citations omitted). A plaintiff does not need to allege facts to support each element of her *prima facie* case. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The *prima facie* case [of employment discrimination] . . . is an evidentiary standard, not a pleading requirement."). Instead, "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo,* 526 F.3d at 1084.

Under this standard, Larkins has stated a claim for gender discrimination against the CTA under Title VII. She has sufficiently alleged that the CTA discriminated against her on the basis of her gender with respect to her back pay and hourly wage claims. Defendants' Motion to Dismiss is denied with respect to those claims.

*Breach of Contract Claim*

Finally, Defendants argue that Larkins's state law breach of contract claim, asserting that Defendants breached the collective bargaining agreement (the "CBA") between the CTA and the

7

union, should be dismissed because Larkins is not a party to the contract and does not have standing to bring this claim. Defendants then argue that this Court does not have subject matter jurisdiction over Larkins's contract claim because the Illinois Labor Relations Board (the "ILRB") has exclusive jurisdiction over disputes related to the CBA, which provides a mandatory two-step grievance and arbitration procedure for grievances between the CTA and its employees.[4] In response, Larkins does not dispute the terms of the CBA, but argues that she is a third party beneficiary of the CBA and that it would be unjust to make her return to the mandatory grievance arbitration procedures set forth in the CBA based on the fact that the CTA refused to fully comply with the December 29, 2011 arbitration award.

Larkins's breach of contract claim must be dismissed because she has not alleged that her union breached its duty of fair representation, which is a necessary prerequisite to assert a breach of contract claim against the CTA. The Seventh Circuit has explained:

> Unless the union violated its duty of fair representation, [the plaintiff] cannot litigate his claim of breach of contract, because the union's responsibilities as the exclusive representative of the members of the bargaining unit include responsibility for the decision whether to prosecute a grievance on the employee's behalf.

*Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 868 (7th Cir. 1997) (internal citations omitted). Consequently, Larkins does not have standing to assert her breach of contract claim. *See Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) (holding that because there was no fair representation claim, the plaintiffs lacked standing to seek confirmation of the arbitration

---

[4] As mentioned above, the CBA can be properly examined because it is Larkins's First Amended Complaint and is central to her claims.

award or assert a breach of contract claim);[5] *Duerr v. Minnesota Min. and Mfg. Co.*, 101 F. Supp. 2d 1057, 1064 (N.D. Ill. 2000) ("the employee lacks standing to sue upon the contract unless he asserts both breach of contract by the employer and breach of fair representation by the union").

Furthermore, Larkins's common law breach of contract claim is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), which mandates federal adjudication of any claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *see also Greenslade*, 112 F.3d at 868. As currently alleged, Larkins's state law breach of contract claim is "substantially dependent" on interpreting the CBA and therefore, must be dismissed as preempted. *Allis-Chalmers Corp.*, 471 U.S. at 220; *see also Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013) ("a state-law claim is 'completely preempted' only when it is 'inextricably intertwined with consideration of the terms of the labor contract.') (quoting *Allis-Chalmers Corp.*, 471 U.S. at 213). Larkins's breach of contract claim is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [42] is granted in part and denied in part. Larkins's Title VII claims against the Individual Defendants are dismissed with prejudice.

---

[5] Larkins in her Response states that she has filed a separate grievance with the union seeking back pay in connection with the second termination in November of 2012. (Pl's Resp. Br. at 7.) However, because of the ruling below based on preemption, this, even if properly considered, is of no consequence.

The CTA's Motion to Dismiss Larkins's Title VII claims with respect to her back pay and hourly wage relating to the arbitration award of December 29, 2011 is denied.

The CTA's Motion to Dismiss Larkins's other Title VII claims is granted, and those claims are dismissed without prejudice.

Larkins's breach of contract claim is dismissed with prejudice.

Larkins is granted thirty days from the date of this Order to amend her claims, if she can do so pursuant to Federal Rule 11.

Date:   October 31, 2013

JOHN W. DARRAH
United States District Court Judge